**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No.: 1:20-cv-21869-GAYLES

**GARY DOEHLA**,

    Plaintiff,

v.

**JAMES J. CLINTON, III,**
**LUIS COSTA, MARIA COSTA,**
**HSBC BANK USA, N.A.,**
**as Assignee of AMERICA'S MORTGAGE**
**OUTSOURCE PROGRAM, N.A., and**
**WELLS FARGO BANK, N.A.,**

    Defendants,

_____/

**ORDER**

**THIS CAUSE** came before the Court pursuant to Defendant James J. Clinton, III's ("Clinton") Motion to Refer Matter to Bankruptcy Court. [ECF No. 4]. The Court has reviewed the record and is otherwise fully advised. On May 29, 2020, the Court held a telephonic status conference on the issue of whether it had subject matter jurisdiction to hear the case as the related bankruptcy matter is closed. For the following reasons, the Court finds that it does not.

Defendant Clinton invokes the Court's federal question jurisdiction in his Notice of Removal removing this action from the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida. Specifically, Clinton asserts that federal question jurisdiction is proper because the Amended Complaint that Plaintiff Gary Doehla filed in state court "arises under, and is governed by, the laws of the United States Bankruptcy Code[.]" [ECF No. 1]. Notably, Clinton does not allege that removal is proper pursuant to 28 U.S.C. § 1452, which allows

for removal of civil proceedings relating to bankruptcy cases. The parties agree that there is no diversity jurisdiction.

Federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 501 (2006) (citation omitted). Thus, a federal court may raise jurisdictional issues on its own initiative at any stage of litigation. *Id.* at 506; *see also Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999) ("[A] court should inquire into whether it has subject matter jurisdiction at the earliest possible stage in the proceedings. Indeed, it is well settled that a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking.") (citations omitted).

The statute governing removal, 28 U.S.C. § 1441, permits a defendant to remove a case brought in state court to federal court if the federal court has federal question jurisdiction under 28 U.S.C. § 1331 or diversity jurisdiction under 28 U.S.C. § 1332. The removing party bears the burden of proving that federal subject matter jurisdiction exists. *Mitchell v. Brown & Williamson Tobacco Corp.*, 294 F.3d 1309, 1314 (11th Cir. 2002). A district court is required to "'strictly construe the right to remove' and apply a general 'presumption against the exercise of federal jurisdiction, such that all uncertainties as to removal jurisdiction are to be resolved in favor of remand.'" *Scimone v. Carnival Corp.*, 720 F.3d 876, 882 (11th Cir. 2013) (quoting *Russell Corp. v. Am. Home Assur. Co.*, 264 F.3d 1040, 1050 (11th Cir. 2001)).

"The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987) (citing *Gully v. First Nat'l Bank*, 299 U.S. 109, 112–13 (1936)). The

Court looks at the plaintiff's complaint at the time of removal to determine jurisdiction. *See Ehlen Floor Covering, Inc. v. Lamb*, 660 F.3d 1283, 1287 (11th Cir. 2011). Federal question jurisdiction may attach to a state-law claim if "the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law[.]" *Hill v. BellSouth Telecomms., Inc.*, 364 F.3d 1308, 1314 (11th Cir. 2004) (citation omitted). A defendant cannot base federal question jurisdiction on a defense asserted in the answer or raised in the petition for removal. *Gully*, 299 U.S. at 113.

Clinton, as the removing party, fails to establish that federal question jurisdiction exists in this case. The operative Amended Complaint that Plaintiff filed in state court is a one-count action brought under state law to extend his Florida judgment and judgment lien against Clinton. [ECF No. 1-1]. Federal courts may exercise subject-matter jurisdiction over a state-law claim if it "necessarily raise[s] a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities[.]" *Gunn v. Minton*, 568 U.S. 251, 258 (2013) (citing *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005)). But Clinton fails to meet his burden to demonstrate that those circumstances are present here.

While the Amended Complaint mentions Clinton's bankruptcy matter, it is not an essential element of Plaintiff's cause of action such that federal question jurisdiction exists. *See Gully*, 299 U.S. at 112 ("To bring a case [under federal question jurisdiction], a right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action."). That Clinton's bankruptcy proceedings ended in 2014 further supports this conclusion. *See Wesley Apartment Homes, Inc. v. Andrews*, No. 1:10-CV-3005, 2010 WL 5690356, at *2 (N.D. Ga. Dec. 7, 2010), *report and recommendation adopted sub nom. Wesley Apartment Homes v. Andrews*, No. 1:10-CV-3005-TWT, 2011 WL 345828 (N.D. Ga. Feb. 1,

2011) (finding that removal under 28 U.S.C. § 1452 was "not warranted" when the related "bankruptcy petition ha[d] already been dismissed and [wa]s no longer pending"). Based on the foregoing, and having considered Clinton's argument at the status conference, the Court finds that it does not have subject matter jurisdiction over this action.

Accordingly, it is **ORDERED AND ADJUDGED** that:

1. This case shall be **REMANDED** to the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida;

2. The Clerk of this Court is directed to forward a certified copy of this Order to the Clerk of the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida; and

3. The case is **CLOSED**.

**DONE AND ORDERED** in Chambers in Miami, Florida, this 31st day of May, 2020.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE